*933 OPINION.
SteRnhagen:
Considering, as we have, all the evidence, it is our opinion that despite the appearance of sale, there was lacking the intent of the decedent and his wife to make a sale- of these shares. First, we think the evidence, and more particularly the subsequent retransfer by the son, upon the first occasion when ownership became important, to the father solely for the purposes of the father, falls short of establishing a real transfer of ownership by petitioners for any purpose. While a sale for tax purposes is not to be disregarded because of its motive, on the other hand, a mere gesture without the vital intent to change ownership is not to be recognized as a sale merely because superficially it resembles one. Second, we think the evidence indicates a lack of intent to receive the consideration for a sale and hence that any transfer that might have occurred was a nondeductible gift. This we gather from the entire series of events and all the circumstances.
Having been unable from all the evidence to find that a sale occurred, the basis for a deductible loss is lacking, and the respondent’s disallowance is sustained.
Reviewed by the Board.

Judgment will be entered for the respondent.